# SOBRINOS DE EZQUIAGA

*v.*

# COMPAÑIA AZUCARERA DE LA CAROLINA.

San Juan, Bankruptcy, No. 232.

PETITION OF T. G. I. WAYMOUTH.

**Bankruptcy—Judgment on Pleadings.**

1. Bankruptcy is essentially an equitable proceeding in rem against the public. Amendments will be allowed if admissions in the answer seem inadvertent.

**Trustee in Bankruptcy—Reasonable Time.**

2. A reasonable time will be allowed a trustee in bankruptcy like a receivership to determine what course is best for the estate before surrendering property which may prove vital.

Opinion filed August 19, 1919.

*Mr. J. R. F. Savage* for petitioner.

*Mr. H. G. Molina* for trustee.

Sobrinos de Ezquiaga v. Compañia Azucarera.

HAMILTON, Judge, delivered the following opinion:

1. This case, except closing receivership, has been referred to the referee, Martinez Alvarez. The petition of Waymouth has been filed since then, and petitioner seeks to have judgment entered for him on his petition without reference, on the ground that the facts are practically admitted by the answer. There seems to be no doubt that petitioner leased certain lands to the bankrupt company and that the lease expired on July 1st. The trustee was appointed June 25th, but had been acting as receiver for some time previously.

I hardly think judgment should be taken quite so speedily. The argument has gone considerably beyond the petition and answer, and tends to show that there may be facts connected with estoppel of petitioner, rights of a sublessee, and a brevity of time for the trustee to have acted with proper regard to the magnitude of the interest involved. Bankruptcy is essentially an equitable proceeding rather than a legal action, and is to a large extent in rem, binding even the public. It would seem to be best to see what facts may be shown to exist, and therefore to allow the defendant trustee to amend his answer so as to set out the facts more fully.

2. There is no doubt that a court of equity will allow its receivers a reasonable length of time to decide whether to keep on with a contract or disaffirm it, but no case has been cited, and probably none can be cited, where any court has allowed its officers any time to decide whether they dispossess an owner of his property. At the end of a lease the landowner is entitled to regain possession, in this case land with improvements; but it may well be that there will be questions as to what are

Sobrinos de Ezquiaga v. Compañia Azucarera.

improvements and what are fixtures which a way-going-tenant is permitted to remove, and it may be that five days is too short a time for a trustee to determine these questions. In receivership a mortgagee and other creditors and claimants have been postponed in the enforcement of their rights under the general powers of a court of equity to protect the res in its possession. In fact this is the very object of a receivership, and a trustee in bankruptcy in many points resembles a receiver in equity. No court has the right to deprive the owner of his property without due process of law, but in marshaling assets it may be necessary for owners to wait until assets can be put in shape for determining what are assets, or, what is the same thing, what are the rights of the respective parties in connection with the property.

If there has been no precedent to the point, there will be one for the future. It seems to me sitting as a chancellor that a reasonable time should be allowed a trustee to determine what course is best for the estate before surrendering property which may be vital to the estate. There is no evidence in this case that the possession is vital to the petitioner, while intimations made in argument, and which may be incorporated in the answer by amendment, tend to show that pipe lines by which the Central gets its supply of water run through this land, that there are railroad tracks by which cane is obtained, that on it are electrical or other pumping machines and other property which it may be essential to the Central to have either on this or some other land. Whether this will extend to keeping the property for another crop year, however, is not determined.

Under all the circumstances it seems best to allow the trustee ten days to amend his answer by setting up the facts more fully,

Sobrinos de Ezquiaga v. Compañía Azucarera.

and thereupon the petition and answer as amended stand ipso facto referred to the referee for determination in due course.

It is so ordered.